### SAMUEL WILBUR *vs.* ALBINUS WILBUR.

In an action of trespass *quare clausum fregit,* the plaintiff, to prove his title to the close described in his declaration, offered in evidence an office copy of the levy of an execution thereon : The defendant thereupon produced the original levy, as returned on the execution, in which were material alterations and interlineations, affecting the boundaries of the land set off, and objected to the admission of the copy in evidence, until the plaintiff should explain and account for said altera tions.  *Held,* that the copy was admissible, and that the burden of explaining and accounting for the alterations was not on the plaintiff.

TRESPASS for breaking and entering the plaintiff's close. At the trial in the court of common pleas, before *Colby,* J. the plaintiff, to prove his title to the close alleged to have been broken and entered by the defendant, offered, among other evidence, an office copy of a levy of an execution, issued on a judgment recovered by him, upon certain real estate, including the said close.  Upon the defendant's producing the original levy, certain material alterations and interlineations appeared upon its face, which affected the extent of the lot of land set off upon the execution, and on which the alleged trespass by the defendant was committed.  The

introduction of said copy, in proof of said levy, was objected to by the defendant, until the plaintiff, who relied upon the title conferred by the levy, should explain and account for the said alterations and interlineations in the original. The plaintiff did not offer to explain them ; and, the judge ruled that the burden of proof was on the plaintiff to explain said alterations. Thereupon the plaintiff became nonsuit, and filed exceptions to said ruling.

*Eliot,* for the plaintiff. The record copy, which was offered in evidence, was correct. It was the original only, which contained erasures and interlineations. The ruling might have been right, if the paper had been one of which the plaintiff had the control. But in the case of an execution, which is in the control of the officer who makes the levy, until it is registered, and which, after it is returned, is a judicial record, the burden of proof is not on the party who relies on the levy. See *Jackson* v. *Osborn,* 2 Wend. 555. *Jackson* v. *Jacoby,* 9 Cow. 125. *Bates* v. *Willard,* 10 Met. 81. *Nason* v. *Dillingham,* and *Bucknam* v. *Ruggles,* 15 Mass. 170, 180. *Lawrence* v. *Pond,* and *Bean* v. *Parker,* 17 Mass. 433, 601. *Bott* v. *Burnell,* 11 Mass. 165.

*Coffin,* for the defendant. He who relies on an instrument must remove the doubt which arises from suspicious appearances on its face. 1 Greenl. on Ev. § 564. *Ross* v. *Gould,* 5 Greenl. 204. And this is as true of a public document as of a private one.

Dewey, J. The ruling of the presiding judge was, as it seems to us, incorrect. It was no part of the duty of the plaintiff to produce the original papers or the clerk's files, to establish his levy. Certified copies of records of the courts, and of papers officially returned to the office of the clerk, are competent evidence for that purpose. Such copies might be controlled by any competent evidence that the paper on file was a forgery, or, in a case like that of an execution having a levy of real estate indorsed thereon, it would be open to show some fraudulent alteration of the same by the interpolation of words, or by erasures. But when the document is

under the hand of an officer, and by him duly certified, it is to be taken to be the true return, as it is apparently there written ; and the mere fact that erasures have been made, and words added, after the first writing of the description of the lands taken, furnishes no presumption of a fraudulent alteration, but is rather to be taken to be a correction, by the officer, amending his return according to the truth. In such case, the burden of proof is on the party alleging the fraudulent alteration. We see nothing, in this case, which required the plaintiff to go forward and explain and account for the alleged alterations. It was a seasonable discharge of his duty to do so after the alterations had been shown to have been made subsequently to the return of the officer. A *prima facie* case of fraudulent alteration, at least, should have been shown, before the plaintiff could be called upon to explain and account for the alleged alterations in an official return.                                    *New trial ordered*